**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-587-JSD |
| | ) | |
| JOHN DOE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

The matter is now before the Court on several motions filed by Plaintiff, including a motion to appoint counsel (ECF No. 2), an application for appointment of representation (ECF No. 4), a motion for default judgement (ECF No. 5), and a second application to proceed in district court without prepaying fees or costs (ECF No. 7). After reviewing the second application to proceed without prepayment, the Court will grant the application and waive the filing fee as Plaintiff is a civil detainee. Furthermore, after reviewing the pleadings in this matter, the Court will dismiss this action for frivolity and failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). All other pending motions will be denied.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action against two unknown FBI agents. ECF No. 1. Plaintiff claims the defendants came to visit him while he was at the Pacific Correctional Center. *Id*. at 5. The defendants allegedly agreed "to Investigate the Disapparance [sic] of Carla White and the kidnapping of Carla Whites 3 children whom was aged 6, 10 and 12 at the time of there Abduction." *Id*. Much of the complaint is difficult to decipher. For example, Plaintiff states over

two million dollars' worth of "Fraudulent Request for payment and payments made by the Federal Gov, Qui TAM, behind the murder and kidnapping." *Id*.

Plaintiff's motions filed in this case contain more outlandish claims. He asserts his wife, Carla White, was murdered in 2014 and a different woman has been assuming her identity. ECF No. 5 at 4-5. Further, this "fake Carla" has repeatedly sought protective orders against him in state court that resulted in criminal charges. *Id*. Plaintiff claims that, in addition to his wife being impersonated by another person, his son was also murdered and someone else assumed his identity as well. *Id*. at 1-2.

For relief, Plaintiff seeks enforcement of promise and equal protection of laws, and to prevent or stop "an ongoing conspiracy…. involving murder, kidnapping, motivated by hate based conspiracy involving the Hostal taking of an Enterprise…" *Id*. The rest of this sentence is undecipherable. Plaintiff does not claim any actual damages. *Id*. at 6.

**Discussion**

Having carefully reviewed and liberally construed the complaint, the Court finds that the allegations are frivolous. Plaintiff complains that two unknown FBI agents came to visit him in prison wherein they promised him they would investigate the disappearance of a woman and her three children. Plaintiff apparently wants to enforce this promise. He does not allege any harm that was done to him, or how any of his rights were violated. He does not even state whether he knows the alleged disappearance was investigated. Plaintiff strings together legal phrases and words, seemingly invoking promissory estoppel, but they do not carry any meaning. He provides no facts that he reasonably and detrimentally relied on the promise of unknown FBI agents to investigate a disappearance. Plaintiff's complaint is frivolous because it "lacks an arguable basis … in law or in fact." *Neitzke*, 490 U.S. at 325. In addition, the Court finds that these defects

could not be remedied through amendment of the pleadings. As such, this action will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Alternatively, Plaintiff has failed to state a claim upon which relief can be granted as he has not provided any facts which state a claim to relief that is plausible on its face.

For the same reasons the Court deems the complaint frivolous, the Court is convinced that there would be no substantial question for review and that an appeal would be futile. *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court will therefore certify that an appeal would not be taken in good faith. *See id*.; 28 U.S.C. § 1915(a)(3). Finally, the remaining pending motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second application to proceed in district court without prepaying fees or costs [ECF No. 7] is **GRANTED** and the filing fee is waived, as Plaintiff is a civil detainee.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's application for appointment of representation [ECF No. 4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgement [ECF No. 5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of September, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE